UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILES PATRICK BARCLAY,<br><br>Defendant. | Case No. 1:19-cr-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Miles Barclay's Motion to Suppress. Dkt. 47. The Court held a hearing on the motion on September 21, 2020. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Barclay is charged with possession and distribution of child pornography, and attempted exploitation of a child. *Superseding Indictment*, Dkt. 39. In April 2019, Detective Kuoha with the Rupert Police Department created a fictitious account on the dating app, Meet 24, posing as a young girl with her age listed as 18 years old. *Compl.*, Dkt. 1 ¶ 11. Detective Kuoha was contacted by a user with the username "Golfguy." *Id.* Detective Kuoha informed Golfguy that "she" was

**MEMORANDUM DECISION AND ORDER - 1**

actually 14 years old, to which Golfguy responded "nice as long as you are ok talking to me." *Id.* ¶ 12. Later in the conversation Golfguy asked if "she" wanted to text and Detective Kuoha provided a cell phone number. *Id.* ¶ 13. Golfguy provided a cell phone number ending in 8369. Golfguy exchanged messages with the fictitious victim from June 4, 2019 through June 26, 2019. *Id.* ¶ 4. The messages from Golfguy quickly became sexual *Id.* ¶ 14.

On June 11, 2019, Golfguy sent a sexually explicit video of an underage child to Detective Kuoha and then sent an email linking to a Dropbox file containing videos of child pornography. *Id.* ¶¶ 15-17. Golfguy sent the email from miles_282003@yahoo.com, which showed it came from "miles barclay." *Id.* ¶ 17. After receiving the email Detective Kuoha searched for "Miles Barclay" in the Idaho Court records database and found a Miles Patrick Barclay who was currently on parole. Detective Kuoha obtained Barclays address and phone, which matched the phone number used by Golfguy. *Id.* 18. Detective Robinson with the Boise Police Department obtained a driver's license photo of Barclay and confirmed that it matched the photo of Golfguy on his Meet24 profile. *Id.* ¶ 22.

On June 28, 2019, Detective Robinson obtained a search warrant to search Barclay's person, residence, and Dropbox account associated with miles_282003@yahoo.com. Case No. 1:19-mj-10480-CWD, Dkt. 2, 3. Detective

**MEMORANDUM DECISION AND ORDER - 2**

Robinson provided the phone number ending in 8369, and email address used to send the Dropbox link, in the application for the search warrant. *Id.* Dkt. 1.

On July 9, 2019 law enforcement served the warrant on Barclay at his residence. *Compl.* ¶ 25, Dkt. 1. Detectives Robinson and Kuoha had Barclay come outside and eventually placed him in the back of a law enforcement van, which was set up for interviews. *Def. Ex. B.*, Dkt. 47-1 ¶ 5. After a few minutes Detectives Kuoha and Robinson entered the van to interview Barclay.

Prior to advising Barclay of his Miranda rights, Detective Robinson asked Barclay his name, birthday, address, and place of employment. *Ex. C.* at 13:52. After some discussion of Barclay's employment history and the reasons he moved to Twin Falls – to be closer to his parents – Robinson asked "Miles, what's a telephone number for you?" to, which, Barclay responded with the number ending in 8369. *Id.* at 17:27. Robinson then asked "email for you?" and Barclay provided "miles_282003@yahoo.com." *Id.* at 17:38. Robinson said "oddly enough in this day and age we'll communicate back and forth via email" and Barclay responded "I'm better off on a phone call." *Id.* at 17:55. This prompted a discussion of Barclay's ability to text. Detective Robinson asked "you don't have a home phone then?" Barclay responded no, and Robinson asked "just the one telephone number is what you use?" Barclay responded "yea." *Id.* at 19:18.

**MEMORANDUM DECISION AND ORDER - 3**

Robinson then noted Barclay had the Yahoo email account, and asked if he had any other social media accounts, Barlcay responded that he had Facebook. *Id.* at 19:24. He then said "I don't even [inaudible] the computer for it," and Detective Robinson asked if Barclay had a computer in his house. Barclay responded "yea, oh yea, it hasn't even been turned on in a couple months." *Id.* at 19:35. After further discussion about Barclays computer use and his bad eyesight, Detective Robinson asked Barclay about his education history and they discussed Barclay's college degree. *Id.* at 21:30. Throughout this portion of the questioning the interaction is cordial, with Barclay adding details about his life and engaging the detectives in conversation.

At the hearing Detective Robinson testified that he was gathering Barclay's biographical information to fill in the Idaho Attorney General's investigation form.[1] *See Ex. 1*, Dkt. 57-1. Detective Robinson further testified that the form is filled out when law enforcement contacts potential sources of information, including suspects, witnesses, or people with knowledge. The form contains fields

---

[1] Detective Robinson did not have a copy of the contact form with him, but testified that he gathered the information in a notebook or audio recording and then would fill the form out when he returned to the office.

**MEMORANDUM DECISION AND ORDER - 4**

for name, address, date of birth, phone, email, and website, among others.[2] *Id.*

Detective Robinson testified that it was routine practice to obtain a suspect's cell phone number as part of biographical information for further investigation and contact, but he was aware that Barclay's cellphone number may be incriminating. Detective Robinson also testified that it is typical to obtain an email address as part of biographical information because it is a listed field on the investigation form. Robinson further testified that because he was located in Boise, and Barclay was in Twin Falls, communicating via email "could be a very real possibility." Further, at the time Detective Robinson interviewed Barclay he had not made a decision whether to arrest him and may need to contact him later. Finally, Detective Robinson testified that he did not request Barclay's cellphone and email to undermine the *Miranda* warning.

After collecting Barclay's background and biographical information the interrogation shifted with Detective Robinson saying, "well obviously it's not a normal day for you." *Ex. C.* at 22:33. Detective Robinson then read Barclay his *Miranda* rights pausing after certain sections to make sure he understood them. *Id.*

---

[2] There is no field for social media accounts on the Attorney General's form. Detective Robinson testified he asks about social media – primarily Facebook and Instagram – because it is useful to the Fugitive Recovery Task Force in locating suspects.

**MEMORANDUM DECISION AND ORDER - 5**

at 23:00. During the mirandized portion of the interrogation, Detective Robinson referred to Barlcay's cellphone – "I understand you have a cellphone – you've been using that," and then asked about Barclay's Meet24 account. After asking about Barclay's username on Meet24, which Barclay referred to as Fastmeet, Robinson asked if that account was on his phone, to which Barclay replied "yea." *Id.* at 24:50. Robinson asked how Barclay communicated on Meet24, Barclay replied "texts and stuff" and Robinson asked "is that the 8369?" Barlcay replied "yea."

Shortly after this discussion, Barclay was provided with a copy of the search warrant and Robinson briefly explained it to him and indicated that it allowed the police to search his phone and computers. *Id.* at 29:08. Robinson then asked about Barclay's passwords for his phone and computer, which Barclay provided. *Id.* at 30:00.

Later in the interrogation Detective Robinson said "you sent some emails with that miles_282003@yahoo, and you have a Dropbox account…" *Id.* at 49:40. After briefly discussing Barclay's Dropbox account, Robinson asked Barclay if he had any other emails. *Id.* at 49:50. Barclay stated he had one to set up his phone, but did not use it and did not have any other email accounts. The discussion then moved on to Barclay's Dropbox account and the pornography files.

**MEMORANDUM DECISION AND ORDER - 6**

Following Barclay's interview with Detectives Robinson and Kuoha, Detective Robinson prepared a complaint. The Complaint states:

> Post Miranda Rights Advisement. Miles admitted that his telephone number was []-8369, the same that had been texting the UC account. Miles stated that he sent a drop box link using his email address of miles_282003@yahoo.com to the UC.

*Compl.* ¶ 26, Dkt. 1. Barclay was subsequently arrested and has been detained pending trial.

Barlcay now seeks to suppress his statements made to Detective Robinson, arguing they were obtained through an unlawful two-step interrogation in violation of *Miranda*. Dkt. 47.

## ANALYSIS

The Government does not dispute that Barclay was in custody and that the pre-*Miranda* questions regarding his cellphone number and email constituted an interrogation not subject to the booking exception. As such, those statements will be suppressed. The more difficult issue is whether Barclay's statements after the *Miranda* warning must be suppressed as part of an intentional two-step interrogation intended to undermine Barclay's rights under *Miranda*.

The Court must suppress postwarning confessions obtained during a *deliberate* two-step interrogation where the midstream *Miranda* warning – in light of the objective facts and circumstances – did not effectively apprise the suspect of

MEMORANDUM DECISION AND ORDER - 7

his rights. *U.S. v. Williams*, 435 F.3d 1148, 1157 (9th Cir. 2006). To determine whether the interrogator deliberately withheld the *Miranda* warning courts consider whether objective evidence and any available subjective evidence support an inference that the two-step interrogation procedure was used to undermine the *Miranda* warning. *Id.* at 1158. Objective evidence includes the timing, setting, and completeness of the prewarning interrogation, the continuity of police personnel and the overlapping content of the pre- and postwarning statements. *Id.* at 1159 (citing *Missouri v. Seibert*, 542 U.S. 600, 615 (2004) (Souter, J., plurality opinion)). The purpose of this inquiry is to ensure that officers do not circumvent the Fifth Amendment right against self-incrimination through the use of interrogation practices likely to disable an individual from making a free and rational choice about speaking. *Id.*

Detective Robinson testified that he did not subjectively intend to undermine the *Miranda* warning by collecting Barclay's email and phone number prior to providing the *Miranda* warning – even though he knew that information could potentially be inculpatory. Ultimately Detective Robinson's subjective intent is not dispositive and the Court must evaluate the objective factors. *Seibert*, 542 U.S. at 617 n. 6 (Souter, J., plurality opinion).

Here the continuity of police personnel, timing, and setting, of the pre- and

**MEMORANDUM DECISION AND ORDER - 8**

postwarning statements cut in favor of finding deliberateness. Detectives Robinson and Kuoha placed Barclay in the van, let him sit for several minutes, and then entered and Detective Robinson began collecting "biographical" information. After collecting Barclay's biographical information, and discussing Barclay's work history and educational background, Detective Robinson provided the *Miranda* warning and moved directly into the formal interrogation. There was no break in location, time, or change in police personnel.

However, the completeness of the prewarning interrogation and overlapping content of the pre- and postwarning statements cut against finding deliberateness. The only potentially inculpatory statements made by Barclay in response to Detective Robinson's prewarning questioning were his phone number and email address. While Detective Robinson asked about Barclay's social media accounts and whether he had a computer, these questions – and the corresponding answers – were not inculpatory and had no impact on the subsequent interrogation. Detective Robinson referenced Barlcay's phone number and email address in the postwarning interrogation, and Barclay again admitting that the phone number and email were his. But, the postwarning interrogation did not build on the prewarning admissions and largely focused on Barclay's Meet24 account and Dropbox account – largely unrelated to the phone number or email address.

**MEMORANDUM DECISION AND ORDER - 9**

Finally, the Court finds it important that Detective Robinson already knew that Barclay possessed the phone number and email address he disclosed in the prewarning statements. Detective Robinson relied on the phone number and email address in obtaining the search warrant. A search warrant was issued for the contents of Barclay's Dropbox account associated with he miles_2820003@yahoo.com email address prior to the interrogation. Detective Robinson also testified that he could have obtained Barclay's phone communications by obtaining a subpoena to the phone provider. Ultimately, Detective Robinson did not need Barclay to confirm his phone number or email address to continue the investigation or have probable cause to arrest Barclay.

The Court finds that Detective Robinson did not deliberately implement a two-step interrogation technique. This is not a case like *Seibert* or *Williams* where the police obtained unwarned confessions or significant inculpatory statements and then relied on them to obtain the mirandized confession. Instead, Detective Robinson was already aware of Barclay's phone number and email address and could have asked about them in the mirandized interrogation without Barclay admitting to them prior to the *Miranda* warning. Further, from Barclay's perspective, admitting to his phone number and email address did not create a situation that called into question his freedom to stop talking after receiving the

**MEMORANDUM DECISION AND ORDER - 10**

*Miranda* warning.

## ORDER

**IT IS ORDERED** that Defendant's Motion to Suppress (Dkt. 47) is **DENIED**.

DATED: October 9, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**