UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILES PATRICK BARCLAY,<br><br>Defendant. | Case No. 1:19-cr-00221-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is the Government's Notice of Intent to Admit "Other Acts" Evidence and Motion in Limine to Admit the Evidence. Dkt. 42. Defendant opposes the motion. Dkt. 51. For the reasons that follow the Court will grant the motion.

### BACKGROUND

Barclay is charged with possession and distribution of child pornography, and attempted exploitation of a child. *Superseding Indictment*, Dkt. 39. Count One of the Superseding Indictment alleges that between June 4, 2019, and July 9, 2019,

MEMORANDUM DECISION AND ORDER - 1

the Defendant attempted to employ, use, persuade, induce, entice, and coerce a person he believed to be a minor to produce sexually explicit images. Count Two alleges that on or about June 11, 2019, the Defendant knowingly distributed child pornography. Count Three alleges that between December of 2016 and July 9, 2019, the Defendant knowingly possessed child pornography.

In April 2019, an undercover officer (UC) created a fictitious account on the dating app, Meet 24, posing as a young girl with her age listed as 18 years old. *Compl.*, Dkt. 1 ¶ 11. The UC was contacted by a user with the username "Golfguy." *Id.* The UC informed Golfguy that "she" was actually 14 years old, to which Golfguy responded "nice as long as you are ok talking to me." *Id.* ¶ 12. Shortly thereafter the conversation moved from the Meet24 app to text messaging. Golfguy exchanged messages with the UC from June 4, 2019 through June 26, 2019. *Id.* ¶ 4. The messages from Golfguy quickly became sexual. *Id.* ¶ 14.

During the conversation with the UC, Golfguy repeatedly requested she take sexually explicit images of herself and send them to him. Gofguy also told her that he had videos of "really young" girls. On June 11, 2019, Golfguy sent a sexually explicit video of an underage child to the UC and then sent an email linking to a Dropbox file containing videos of child pornography. *Id.* ¶¶ 15-17. The email showed it came from "miles barclay."

**MEMORANDUM DECISION AND ORDER - 2**

Law enforcement obtained a search warrant to search Barclay's person, residence, and Dropbox account. Case No. 1:19-mj-10480-CWD, Dkt. 2, 3. When law enforcement served the warrant, they recovered two laptops and a cellphone, all of which contained child pornography. The child pornography on Barclay's laptop dated back to 2016. Barclay's cellphone also contained text conversations with, and the emails sent to, the UC.

After serving the search warrant detectives interviewed Barclay. Barclay admitted to trading Dropbox links with others he met online. He admitted he received files that contained both adult and child pornography. He told the detectives that he did not know whether he would be receiving adult or child pornography, and that he was not always able to open files from Dropbox on his phone. He also stated he was not interested in files involving young children. Barclay admitted to engaging in a sexually explicit conversation with someone he knew to be underage. But, he stated he thought she was 16 years old. He also told detectives that much of what he discussed in the conversation was false.

Around the time of Barclay's arrest, law enforcement learned that he had previously been investigated by the Twin Falls Police Department for having a sexual relationship with a 15-year-old female. The evidence of this relationship includes several police reports, and over 50 letters sent by Barclay to the underage

MEMORANDUM DECISION AND ORDER - 3

female in 2013. Dkt. 42-1, 42-2. The letters were sent by Barclay while he was in the Twin Falls County Jail. In the letters Barclay discussed personal issues while in jail, he also asked the underage female to send him bikini pictures of her. The letters are also sexual in nature, describing what Barclay wanted to do with the underage female – "f**k" her, have "water" with her,[1] and lick her all over. Dkt. 42-2. In one letter Barclay told the underage female that his relationship with her was "not what would be considered right by society's rules," and that he could stay in jail for 20 years if someone found their pictures or letters. *Id.* The underage female told her mother that she had some kind of sexual contact with Barclay, but never made a statement to police.

The Government now seeks to admit several of the letters sent by Barclay. The Government anticipates calling the recipient of the letters, having her testify to how she met Barclay, her age when she met him, the fact that Barclay was aware of her age, that they had sexual contact while she was 15 years old, and that Barclay sent her letters while he was incarcerated when she was 15 or 16 years old, and discuss the contents of several of the letters. If the female is unavailable to testify, the Government anticipates calling her mother and a law enforcement

---

[1] Drinking water bottles is an adult reference among Barclay's and the underage female's neighbors about sex.

officer from the jail to authenticate the letters. The Government would have the female's mother testify as to how she knows Barclay, explain that her daughter spent time with Barclay, and that she found the letters sent to her daughter. The law enforcement officer would testify that Barclay was in jail at the time the letters were sent and testify that the inmate number on the letters match Barclay's inmate number. The Government also anticipates telling the jury that Barclay was not in jail at for a sexual offense. *See* Dkt. 54 at 5-6.

## LEGAL STANDARD

### A.   Motion in Limine

There is no express authority for motions in *limine* in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

### B.   Fed. R. Evid. 404(b)

"Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citing Fed. R. Evid.

**MEMORANDUM DECISION AND ORDER - 5**

404(a)). "However, Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b):

> Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.

*Id.* (citation omitted). The government "has the burden of proving that the evidence meets all of the above requirements." *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Romero*, 282 F.3d at 688 (citation omitted).

## ANALYSIS

First, the Government must prove that Barclay knowingly solicited, or attempted to persuade, a person he believed to be a minor to engage in sexually explicit conduct and send images of such conduct. The Government also must prove that Barclay knowingly possessed and distributed child pornography. Barclay's letters tend to prove that he knowingly and intentionally solicited a

**MEMORANDUM DECISION AND ORDER - 6**

minor to produce sexually explicit images. They also tend to prove he knowingly and intentionally possessed and distributed child pornography for a sexual purpose, and that it was not a mistake or occurred only by happenstance. In his interview with law enforcement Barclay tried to minimize his conduct by stating that he did not know all of the contents of the Dropbox files. In essence, he suggested that if any of the images in his Dropbox files involved pornographic images of children, it was a mistake since he was primarily interested in adult pornography. Evidence that he engaged in overtly sexual acts and communications with a 15-year old girl in 2013, belies that suggestion. Barclay also suggested that he did not actually request sexually explicit images from the UC profile. The letters rebut Barclay's argument and tend to show his knowledge and intent as to the UC.

Second, the letters, and Barclay's conduct with the underage female, are not too remote in time. The letters were sent in 2013 and the conduct giving rise to the current charge occurred in 2019, a gap of 6 years. This is well within the general time parameters allowed by the Ninth Circuit, and is not too remote to be probative. *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997).

Third, the evidence is sufficient to support a finding that Barclay committed the other act. In this case the Government plans to admit three letters from Barclay to the underage female. These letters ask the female to send Barclay photos of

**MEMORANDUM DECISION AND ORDER - 7**

herself, and describe sexual conduct Barclay would like to perform with the female. The letters were sent from the Twin Falls County Jail and the envelope contains Barclay's last name and inmate number. Further, they are signed "Love Miles." If the female testifies, she will be able to authenticate the letters and provide foundation for her relationship with Barclay. Alternatively, the female's mother will be able to provide foundation for the letters, and the law enforcement officer will be able to testify that the letters were sent from Barclay's inmate number.

Fourth, the other act is sufficiently similar to the offense charged. The Government alleges that Barclay attempted to persuade the UC to send him sexually explicit photos of herself. Barclay also sent the UC sexually explicit videos and photos, apparently in an attempt to further encourage her to send images of herself. In the letters sent to the underage female Barclay solicited her to send sexually suggestive photos to him. Both the underage female and the UC were a similar in age at the time of Barclay's communications.

Barclay focuses on the sexual encounter between the underage female and Barclay to differentiate it from the conduct he is currently charged for. But the Government does not intend to delve into the sexual encounter – nor will the court allow it to do so. Instead the Government seeks to introduce letters soliciting

**MEMORANDUM DECISION AND ORDER - 8**

sexually suggestive images of the underage female. While the medium of communication differs – paper letters instead of electronic messages – the content and intent of the communications are the same. In both cases Barclay is attempting to solicit a minor to produce sexually suggestive content and send it to him.

Finally, the probative value of the evidence is not outweighed by unfair prejudice. As described in the Government's response, it intends to limit the evidence and testimony – laying appropriate foundation for the letters, and then focusing on Barclay's statements in three of the letters. Dkt. 54. Further, the Government indicates that it will have a law enforcement witness testify that Barclay was not in prison for a sexual offense. So long the Government does not exceed the scope of its proffered evidence the evidence will not be overly prejudicial.

Accordingly, the Court will grant the Government's motion in limine allow it to offer the 404(b) evidence described in its motion and response. The Court will not allow the Government to exceed the scope of its proffered evidence or testimony.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED** that the Government's Notice of Intent to Admit "Other Acts" Evidence and Motion in Limine to Admit the Evidence (Dkt. 42) is **GRANTED**.

DATED: October 15, 2020

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10